## CIRCUIT COURT OF WARREN COUNTY

Jeffrey S. Brauer

v.

Department of
Motor Vehicles

January 20, 2006

Case No. L05000267-00

BY JUDGE DENNIS L. HUPP

The Virginia Department of Motor Vehicles (DMV) has refused to issue a driver's license to Jeffrey S. Brauer after "informal conference or consultation proceedings" as authorized under Virginia Code § 2.2-4019. Brauer now appeals that decision pursuant to Virginia Code § 46.2-321 which invokes the provisions of the Administrative Process Act. Virginia Code §§ 2.2-4000 et seq.

Brauer and the DMV agree that, on appeal, this Court must limit its review to the record of the DMV proceedings, and both parties apparently agree that the record actually submitted is complete and accurate. I heard arguments of counsel on January 6, 2006. There are no issues of fact in this case. Succinctly stated, Brauer has been convicted on a number of occasions of driving while intoxicated (DWI) (seven by my count), and his driving privileges remain revoked or suspended by reason of those convictions in the states of North Carolina, South Carolina, and Florida. Brauer, who now resides in the Commonwealth of Virginia, seeks the issuance of a Virginia driver's license. The DMV has refused to issue the license, initially citing a DMV policy requiring Brauer to wait five years from the suspension or revocation date or until that suspension of revocation terminates, whichever first occurs. The first informal hearing was held on June 30, 2005. Subsequent thereto, the DMV asked for a rehearing, and this occurred on September 7,

2005. At the subsequent hearing, the DMV took the position that Virginia Code § 46.2-316 prohibits the DMV from issuing a driver's license to someone whose privilege to drive is suspended or revoked by reason of a DWI conviction in this or any other state. The hearing officer upheld the DMV's position. It is from that decision that Brauer appeals.

Brauer argues that the DMV's interpretation of Virginia Code § 46.2-316 conflicts with the provisions of Virginia Code § 46.2-483 (the "Driver License Compact") wherein it is provided that a person whose license has been suspended or revoked in another state may apply for a new license in this state after the expiration of one year from the date of the revocation. He also argues that, if his license had been revoked by reason of Virginia DWI convictions, he could petition the court for restoration of driving privileges under Virginia Code § 46.2-391 or, as an habitual offender, under Virginia Code § 46.2-360. Hence, Brauer argues that it is unfair to apply a different standard to him simply because his DWI convictions occurred in other states. He also argues that DMV's interpretation of Virginia Code § 46.2-316 renders null and void the provisions of Virginia Code §§ 46.2-360 and 46.2-391. Finally, he argues that it is unreasonably burdensome to be required to travel to the other states involved to seek restoration of driving privileges as a prerequisite to the issuance of a Virginia driver's license.

The issue here is purely one of law, specifically the interpretation of statutes. For this reason, the DMV determination is not entitled to any special deference as would be accorded findings of fact within the department's specialized competence or expertise. The issue is heard *de novo*. *Citland, Ltd. v. Kilgore*, 45 Va. App. 268, at 274-75, 610 S.E.2d 321 (2005).

I agree with the DMV's interpretation of the law. While the Driver License Compact allows a person whose driving privileges have been suspended or revoked in another state to apply for a new license in this state after expiration of one year from the date of revocation, such permission is circumscribed by the concluding language of the same sentence: "if permitted by law." Virginia Code § 46.2-316 explicitly prohibits the DMV from issuing a driver's license to any person whose driving privileges are suspended or revoked by reason of a conviction of driving while under the influence of intoxicants or drugs. Virginia Code § 46.2-316(A)(4). This statute does not nullify the provisions of Virginia Code §§ 46.2-360 or 46.2-391. Those statutes provide a procedure whereby driving privileges may be restored or, stated differently, whereby the suspension or revocation may be lifted. Thereafter, § 46.2-316 would no longer proscribe the issuance of a driver's license. I am confident that the states of North Carolina, South Carolina, and

Florida have statutory provisions for restoration of driving privileges. To suggest that it would be unfair or unreasonably burdensome on Brauer to seek restoration of his driving privileges in those states as a precondition to the issuance of a Virginia driver's license derogates or minimizes the significance of his driving history. For a period of fourteen years, Brauer has repeatedly violated the driving laws of virtually every state along the southeastern seaboard. While requiring him to secure restoration of his driving privileges in three other states may indeed place a substantial burden upon him, it is not an unreasonable one. He is simply bearing the consequences of his past conduct.

I have no reason to dispute Brauer's representations that he has dramatically changed his lifestyle and has been abstinent from alcohol for several years, and I certainly hope this is true. If so, he should be able to satisfy the requirements of any of the states involved for the restoration of his driving privileges.

The petition is denied.